UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MICHAEL DAVIS,

       Debtor.
_____/

MICHAEL DAVIS,

       Appellant,

v.                                           Case No.  8:11-cv-89-T-24
                                           Case No.  8:11-cv-90-T-24

BRIAN DOWLING,

       Appellee.
_____/

**ORDER**

       This cause comes before the Court on Appellee Brian Dowling's ("Dowling") Motion to Dismiss Appellant Michael Davis' ("Davis") consolidated appeal as untimely.  (Doc. No. 14). Davis opposes the motion.  (Doc. No. 19).

**I.     Procedural History**

       In 2002, Dowling obtained judgments against Davis in Illinois state court.  In an attempt to satisfy the judgments, Dowling sought in Illinois state court and obtained turnover of the funds held in Davis' IRA and 401(k) accounts ("Retirement Assets").  Davis appealed the turnover orders regarding his retirement assets to an Illinois appellate court, arguing that his retirement assets were exempt from creditors.  In March of 2006, the Illinois appellate court remanded the case, directing the trial court to conduct an evidentiary hearing on whether the

retirement assets were exempt. *Dowling v. Chicago Options Assocs., Inc.*, 847 N.E.2d 741 (Ill. App. 2d 2006). On remand, the trial court determined that the retirement assets were exempt under Illinois law and ordered Dowling to remit the principal amount collected to Davis. Dowling posted a bond and appealed the trial court's order on remand. The trial court's order was affirmed by an Illinois appellate court on September 8, 2008.

Also in 2008, bankruptcy proceedings were initiated against Davis in the Middle District of Florida. The bankruptcy proceedings consisted of two different cases: (1) an involuntary petition under Chapter 11 with Dowling as one of the petitioning creditors (the "Bankruptcy Case") and (2) an adversary proceeding initiated by Dowling to determine the proper recipient of the retirement assets (the "Adversary Proceeding").[1] Davis filed a counterclaim against Dowling in the Adversary Proceeding seeking damages for seizing an exempt asset in violation of Illinois law, common law wrongful garnishment, and common law conversion.[2] Davis also filed an objection to Dowling's claim in the Bankruptcy Case that incorporated his allegations in his counterclaim in the Adversary Proceeding. Thus, Davis' counterclaim in the Adversary Proceeding and his objection in the Bankruptcy Case sought identical relief: damages from Dowling due to his seizure of Davis' retirement assets.

---

[1] When Dowling filed the complaint initiating the Adversary Proceeding, he also filed an emergency motion to permit deposit of funds into the registry of the court. (Doc. No. 15, Exh. I). These funds represented Davis' retirement assets obtained by Dowling. In response to the emergency motion, the bankruptcy court entered an order authorizing and directing the transfer of funds in the amount of $317,562.15 to the trust account of Davis' counsel. (Doc. No. 15, Exh. J)

[2] Davis sought damages, including but not limited to (1) lost interest, (2) lost investment opportunity and associated gains, (3) potential tax penalties, (4) attorneys' fees incurred in establishing his right to the retirement assets, and (5) personal expenses incurred in setting aside the wrongful seizure of his retirement assets. (Doc. No. 15, Exh. L).

In April of 2009, the bankruptcy court entered an order finding that Davis' retirement assets were exempt from creditors. In May of 2009, the Order Confirming Plan was entered in the Bankruptcy Case but the bankruptcy court reserved jurisdiction to consider Davis' counterclaim for damages in the Adversary Proceeding, which was consolidated with Davis' objection in the Bankruptcy Case. The bankruptcy court held a trial on Davis' counterclaim, consolidated with his objection, on February 16, 2010, May 18, 2010, and May 21, 2010. The issue at trial was whether to impose liability against Dowling for his seizure of Davis' exempt retirement assets. At the conclusion of the trial, the bankruptcy court found in favor of Dowling and made oral findings of fact and conclusions of law. On June 25, 2010, the bankruptcy court entered judgment in the Adversary Proceeding setting forth its ruling in favor of Dowling on Davis' counterclaim (the "Judgment"). (Doc. No. 15, Exh. M). On July 7, 2010, the bankruptcy court entered an order setting forth its ruling in favor of Dowling on Davis' objection to Dowling's claim in the Bankruptcy Case ("Order on Objection"). (Doc. No. 15, Exh. D). Although filed on different dates and in different proceedings, the Judgment and Order on Objection both reflected the bankruptcy court's ruling that Dowling was not liable for his seizure of Davis' exempt retirement assets.

On July 9, 2010, Davis filed a motion for reconsideration or rehearing as to the Judgment. (Doc. No. 15, Exh. N). On July 19, 2010, Davis filed a motion for reconsideration or rehearing as to the Order on Objection. (Doc. No. 15, Exh. E). Davis' motions for reconsideration or rehearing were substantively identical and were filed "in an abundance of caution" due to the parties' perceived disagreement over whether Davis was entitled to damages or compensation in the form of interest at 9% for the entire time that he was deprived of his

exempt retirement assets.[3]  (Doc. No. 15, Exhs. E & N).

On October 7, 2010, the bankruptcy court decided the interest issue in favor of Davis, awarding him post-judgment interest in the amount of 9% on the retirement asset funds that were held by Dowling during a specified time period.  The bankruptcy court then denied Davis' motions for reconsideration or rehearing as moot.  (Doc. No. 15, Exhs. F & P).  Thereafter, on October 19, 2010, Davis filed (1) a notice of appeal from the Order on Objection and the order denying Davis' motion for reconsideration or rehearing of the Order on Objection (Doc. No. 15, Exh. G) and (2) a notice of appeal from the Judgment, the order authorizing disposition of escrowed funds, and the order denying Davis' motion for reconsideration or rehearing of the Judgment (Doc. No. 15, Exh. Q).  On March 1, 2011, Davis filed his initial brief in this appeal, arguing that the bankruptcy court erred in failing to impose liability against Dowling for his seizure of Davis' exempt retirement assets.[4]  (Doc. No. 12).  On March 15, 2011, Dowling filed the instant motion to dismiss.  (Doc. No. 14).

## II.     The Motion to Dismiss

Dowling urges this Court to dismiss Davis' consolidated appeal on the basis that Davis' notices of appeal were untimely because Davis' motions for reconsideration or rehearing did not toll his deadline to file a notice of appeal.  Rule 8002(a) of the Federal Rules of Bankruptcy Procedure states that a "notice of appeal shall be filed with the clerk within 14 days of the date of

---

[3]In the Judgment, the bankruptcy court reserved jurisdiction to conduct further hearings on the funds held in escrow and interest.  (Doc. No. 15, Exh. M).

[4]Procedurally, Davis' two notices of appeal were initially filed as two cases; however, because the two appeals involved the same issue – whether the bankruptcy court erred in failing to impose liability against Dowling for his seizure of Davis' exempt retirement assets – this Court consolidated the two appeals.  (Doc. No. 18).

the entry of the judgment, order, or decree appealed from." However, Rule 8002(b) provides for a tolling of that 14-day time period: "[i]f any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." The types of motions specified by Rule 8002(b) include a motion to alter or amend judgment under Rule 9023[5] and a motion for relief under Rule 9024.[6] Fed. R. Bankr. P. 8002(b)(2), (4). Davis filed his motions for reconsideration or rehearing pursuant to Rules 9023 and 9024. (Doc. No. 15, Exhs. E & N).

Dowling argues that Davis' motions for reconsideration or rehearing were not sufficient to toll the time to appeal because (1) they were not the proper type of tolling motion pursuant to Rule 8002(b) and (2) they were simply tools to preserve an unrelated issue. The Court will address each of these arguments, and Davis' responses in opposition, in turn.

First, Dowling argues that although Davis references Rules 9023 and 9024 in his motions for reconsideration or rehearing, the functions of the motions do not fulfill the requirements for a valid tolling motion pursuant to Rule 8002(b). Davis responds that although a motion for reconsideration or rehearing is not one of the enumerated types of motions in Rule 8002(b), courts have treated such motions as sufficient to toll the time to appeal. *See In re Mike*, 796 F.2d 382, 383 (11th Cir. 1986) (holding that a timely motion for rehearing tolled the time to appeal the bankruptcy court's order until the bankruptcy court denied the motion for rehearing); *IRS v. Jenson*, 1990 WL 600955, at * 1 (M.D. Fla. Nov. 21, 1990) (holding that a motion for

---

[5]Rule 9023 provides that Federal Rule of Civil Procedure 59 applies to cases under the Bankruptcy Code. Fed. R. Bankr. P. 9023.

[6]Rule 9024 provides that Federal Rule of Civil Procedure 60 applies to cases under the Bankruptcy Code. Fed. R. Bankr. P. 9024.

reconsideration is equivalent to a motion to alter or amend under Rule 9023).

Dowling further argues that Davis' motions for reconsideration or rehearing are not valid because they do not state the grounds upon which they are based. In support of his argument, Dowling cites *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195 (2d Cir. 2006), in which the Second Circuit Court of Appeals held that a "skeletal" Rule 59(e) motion to amend did not toll the time to appeal. *Id.* at 197. However, as Davis argues in his response, the Rule 59(e) motion in *Feldberg* is distinguishable from Davis' motions for reconsideration or rehearing. In *Feldberg*, the plaintiffs filed a motion titled "motion to alter or amend judgment," but the body of their motion was solely a request for additional time to file a substantive motion to amend or alter the judgment due to their counsel's medical leave. (Doc. No. 19, Exh. A). In the instant case, Davis' motions for reconsideration or rehearing were based on the substantive issue of whether Davis was entitled to interest on the retirement asset funds held by Dowling, an issue that the bankruptcy court reserved jurisdiction over pursuant to the Judgment on Davis' counterclaim. Accordingly, the Court finds that Davis' motions for reconsideration or rehearing are distinguishable from the motion in *Felberg* and were proper motions to toll the time to appeal pursuant to Rule 8002(b).

Second, Dowling contends that the issue of whether Davis was entitled to the interest on the retirement asset funds was a separate and distinct subject that did not affect the finality of the Judgment or Order on Objection. Therefore, because Davis' motions for reconsideration or rehearing only related to the interest issue, Dowling argues that the motions did not toll the time to appeal the Judgment and Order on Objection. Davis responds that the motions for reconsideration or rehearing raised a substantive issue as to the scope and effect of the

bankruptcy court's ruling relating to interest – "a specific element of damages sought by [Davis] through his counterclaim." (Doc. No. 19 at 2). Davis further states that if he had not filed the motions for reconsideration or rehearing, Dowling would have taken the position that the Judgment precluded Davis from seeking interest beyond the amount held in escrow.[7] Accordingly, Davis argues, the interest issue is not a separate and distinct issue from the Judgment and Order on Objection. The Court agrees with Davis and finds that the motions for reconsideration or rehearing tolled his time to file a notice of appeal pursuant to Rule 8002(b). Thus, Davis' notices of appeal, filed 12 days after the bankruptcy court entered orders awarding interest to Davis and denying Davis' motions for reconsideration or rehearing as moot, were timely.

### III. Conclusion

Upon consideration of the instant motion and response in opposition, the Court finds that Davis' notices of appeal were timely. Accordingly, it is ORDERED AND ADJUDGED that Dowling's motion to dismiss (Doc. No. 14) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of May, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[7] Davis sought, and the bankruptcy court awarded, an amount of interest that was greater than the amount in escrow, *i.e.* the amount deposited in Davis' attorney's trust account. (Doc. No. 15, Exh. P).